**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **STEVEN AND CASEY HANSON,** | § § § | |
| **PLAINTIFFS,** | § § § | |
| **V.** | § § | **CIVIL NO. 4:26-CV-439-BJ** |
| **KEMPER INDEPENDENCE INSURANCE COMPANY,** | § § § § | |
| **DEFENDANT.** | § § | |

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), this Scheduling Order shall govern the preparation of this case for trial. The Court, having reviewed the joint status report and proposed discovery plan and revised joint status report recently submitted by the parties, establishes the deadlines set out below to ensure that the case is expeditiously prepared for trial.

Accordingly, it is **ORDERED** that this cause of action is set for a **jury** trial on **August 23, 2027,** at **10:00 a.m.** before the United States Magistrate Judge at the United States Court House, Fort Worth, Texas. Counsel is advised that this is a definite trial setting.

It is further **ORDERED** that:

(1) The parties participate in a formal settlement conference **no later than June 29, 2026**, at a time and place to be agreed upon by the parties, at which the parties and their counsel shall appear **in person** to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who shall have authority to bargain in good faith). No later than seven (7) days after the date of the settlement conference, each party shall file a brief written report setting out:

(a) The date on which the settlement conference was held;

(b) The persons present;

(c) A statement regarding whether meaningful progress toward settlement was made; and

(d) A statement regarding the prospects of settlement before trial.

(2) All disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made in the manner set out in that rule except that the deadline for making such disclosures is hereby extended to **May 4, 2026**;[1]

(3) The parties file any motions to implead third parties or to join additional parties pursuant to the Federal Rules of Civil Procedure no later than **May 29, 2026**;

(4) All disclosures relating to expert witnesses required by Fed. R. Civ. P. 26(a)(2) be made and supplemented in the manner set out in that rule except that the primary disclosures required by subparagraphs (A) and (B) of Rule 26(a)(2) be made by each party plaintiff no later than **November 11, 2026**, and by each party defendant no later than **December 11, 2026**.[2]  Any motions challenging these designations, including challenges under Fed. R. Evid. 702, shall be filed by the deadline established in this order for filing pretrial motions;

(5) Each party plaintiff file any motions for leave to amend his pleadings no later than **May 29, 2026**;

(6) Each party defendant file any motions for leave to amend his pleadings no later than **June 12, 2026**;

(7) The parties cease all discovery activity under the Federal Rules of Civil Procedure no later than **February 5, 2027**.  All discovery must be completed by the ordered date. Discovery shall be served sufficiently ahead of the discovery deadline to permit the party from whom discovery is sought to respond within the time periods contemplated by the Federal Rules of Civil Procedure and Local Rules for the Northern District of Texas.  In accordance with Federal Rule of Evidence 502, inadvertent production during discovery of information covered by the attorney-client privilege or work-product production will not waive the privilege or protection;

(8) The parties file all pretrial and dispositive motions no later than **February 12, 2027**.

(9) The parties participate in mediation during the month of **February 2027** in accordance with the Order of Referral for Mediation issued this same day;

---

[1] In accordance with Rule 26(a)(1), these disclosures shall be provided to all parties but shall not be filed with the clerk of the Court.

[2] In accordance with Rule 26(a)(2), these disclosures shall be provided to all parties but shall not be filed with the clerk of the Court.

(10)   The parties attend a final pretrial conference before the United States Magistrate Judge on **Thursday July 22, 2027,** at 9:30 a.m.  Lead counsel for each party shall be present at the Pretrial Conference and shall have access, by telephone or otherwise, to the individual(s) he or she represents or to a person authorized to make decisions regarding the matter before the Court on behalf of any corporate or other entity which is a party to the action.

It is **ORDERED** that the parties and their counsel strictly comply with the terms of this Scheduling Order and the attached Special Pretrial Instructions.  Except as otherwise provided in this Order and the attached Special Pretrial Instructions, the Local Rules for the Northern District of Texas shall be strictly followed.  Parties and counsel are on notice that failure to timely comply with this Order, the attached Special Pretrial Instructions, the Local Rules for the Northern District of Texas, or the Federal Rules of Civil Procedure may result in the imposition of sanctions against the non-complying party or counsel or both.

SIGNED April 28, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**SPECIAL PRETRIAL INSTRUCTIONS**

1.  All parties and counsel are jointly responsible for preparation of the entire Pretrial Order, which shall be submitted (not filed) to the Court via email at cureton_orders@txnd.uscourts.gov no later than **five (5) business days** before the date of the scheduled pretrial conference.  Plaintiff's counsel, however, is responsible for typing, collating and otherwise preparing the final document for presentation to the Court.

2.  Northern District of Texas Local Rule 16.4 notwithstanding, the Pretrial Order shall set forth in separate paragraphs:

    a.  a concise statement of any pending jurisdictional issues;

    b.  a list of all pending motions;

    c.  a full and complete statement of Plaintiff's claims, with specificity;

    d.  a full and complete statement of Defendant's claims, with specificity;

    e.  a full and complete statement of the claims of any other parties, with specificity;

    f.  a list of the facts established by the pleadings, stipulations or admissions;

    g.  an agreed list of the contested issues of fact;

    h.  an agreed list of the contested issues of law;

    i.  a list of each party's expert witnesses and a summary of the opinions to be given by each expert;

    j.  a list of additional matters that would aid in the disposition of the case;

    k.  an estimate of the length of trial;

    l.  a statement as to whether the trial will be jury or non-jury;

    m.  the signature of the lead attorney for each party; and,

4

  n. a place for the date and the signature of the Court, which shall be preceded by text on the same page.

3. All of the matters set forth above shall be contained within the body of the Pretrial Order, and none shall be attached thereto as exhibits or attachments.  All of the contested issues shall be agreed upon; there will be no separate lists of contested issues submitted by each party.

4. Counsel for all parties are instructed to cooperate fully in the discovery process and to make all reasonable discovery available to the requesting party.  Throughout the discovery process, counsel must observe the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, adopted by the judges of this District, sitting en banc, in *Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*., 121 F.R.D. 284 (N.D. Tex. 1988).

5. Motions in limine must be filed no later than **ten (10) business days** prior to the scheduled trial date.  Motions in limine should not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements:  (a) the matter cannot properly be raised by trial objection without prejudice to the moving party _and_ (b) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction by the court.  Motions in limine should not include standard requests not tailored to a case-specific matter or issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.  The response deadline to a motion in limine is three (3) business days after the motion in limine is filed.

6. No later than **seven (7) business days** prior to the scheduled trial date each party shall file with the Clerk and deliver to all other parties the following: (i) a trial brief of no more than ten (10) pages setting out the law applicable to the facts in this case, including the elements

of each claim or defense raised, (ii) a witness list, (iii) an exhibit list, and, for non-jury trials, (iii) proposed findings of fact and conclusions of law.[3]  On the day trial begins, the parties shall also deliver a copy of the witness list and the exhibit list to the court reporter. No additions or substitutions to the witness or exhibit lists may be made after the deadline without leave of Court.  Additionally, if a party desires to make additions or substitutions to these lists after they are filed with the Clerk, the party must file an amended list that entirely supersedes the original list, rather than simply filing a supplemental list naming only the additions and/or substitutions.

7.  <u>Exhibits and Depositions</u>: The exhibit list shall generally conform to the example set forth in Exhibit A, which is attached to this order, and include a statement signed by counsel for each party, other than the party who will be offering the exhibit, stating as to each exhibit listed either that (i) the parties agree to the admissibility of the exhibit, or (ii) the nature of any objection other than materiality or relevancy that will be made to the admissibility of the exhibit and the identity of the party or parties who will be urging the objection.  The party proposing to offer an exhibit shall be responsible for coordinating activities related to the preparation of such a statement.  All parties are required to cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists.

Counsel for each party who lists an objection to one or more of another party's exhibits shall certify, as illustrated on Exhibit A, that his objections are correctly listed. The counsel expecting to offer an exhibit shall be responsible for securing such a certification from all other objecting counsel.  No exhibit may be offered at the trial unless such a certification has been timely made as to that exhibit.

---

[3] The proposed findings of fact and conclusions of law should also be emailed in Word format to the Court at *cureton_orders@txnd.uscourts.gov*.

No later than **five (5) business days** prior to the scheduled trial date, if a **jury** trial, each party shall provide the Court with **three (3)**[4] three-ring notebooks containing copies of every exhibit to be offered at trial, except those offered solely for impeachment.  If a **non-jury** trial, the Court will require **four** sets of notebooks containing copies of every exhibit to be offered at trial, except those offered solely for impeachment.  The exhibits should be preceded in the notebook by a table of contents setting forth the number and a brief description of each exhibit.

The parties shall <u>file</u> no depositions (except as set forth below) or exhibits prior to trial, but shall have the originals and one copy thereof available immediately prior to trial. Each exhibit to be offered at trial shall bear the case number of this action, the exhibit number and the identity of the offering party.  Counsel shall reach agreement in advance of trial as to any objections relating to testimony to be offered by deposition transcript, summary, or videotape but, if agreement cannot be reached, objecting counsel shall file its objections no later than **ten (10) business** days prior to the scheduled trial date.  **If objections are presented, a <u>complete</u> copy, preferably in condensed version, of the transcript of the deposition testimony shall accompany the objections filed with the Court.**

**At the close of evidence, the parties shall meet for the purpose of preparing an agreed index of all exhibits admitted into evidence during the course of the trial**.  As to each admitted exhibit, the index shall contain the exhibit number, the name of the offering party, the name of the sponsoring witness, and a description of the exhibit.  **The**

---

[4] Three books are required as one is for the judge, one is for the court reporter, and one is for the jury.

**exhibit index will be delivered as soon as possible to the Court if a non-jury trial or to the jury at the commencement of deliberations**.

8. Before the commencement of the trial, the parties shall provide to the court reporter a copy of their witness lists and glossaries of all terms that are technical, scientific, medical, or otherwise uncommon, likely to be uttered on the record during the trial.

9. Additional Instructions for Jury Trials: If trial is to the jury, the parties are to attempt to file with the clerk of the Court an agreed proposed jury charge and verdict form no later than **seven (7) business days** prior to the scheduled trial date, and simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court at *cureton_orders@txnd.uscourts.gov*. Plaintiff's or Plaintiffs' counsel is responsible for typing, collating and otherwise preparing the final document for filing with the Court.

For any portion of the proposed charge about which disagreement remains, those portions that are requested by Plaintiff or Plaintiffs but objected to by Defendant or Defendants shall be underlined, and those portions that are requested by Defendant or Defendants but objected to by Plaintiff or Plaintiffs shall be in **boldface**. Competing versions on the same topic shall appear sequentially in the proposed charge, with Plaintiff's or Plaintiffs' version listed first and Defendant's or Defendants' version second. Each party shall also file a brief in support of its legal positions regarding the disputed portions of the jury charge. The parties' proposed charge and verdict form, and each party's brief in support, shall be filed with the Clerk of the Court and a copy delivered to Judge Cureton's chambers no later than **seven (7) business** days prior to the scheduled trial date. The parties shall simultaneously email a copy of their proposed charge and verdict form in Word format to the Court at *cureton_orders@txnd.uscourts.gov.*

If supplemental instructions become necessary due to the nature of the evidence produced at trial, they must be filed with the clerk of the Court (and a copy simultaneously emailed in Word format to the Court at *cureton_orders@txnd.uscourts.gov*) and served on opposing counsel as soon as reasonably possible after the necessity for the supplemental instructions becomes apparent.

10. <u>Courtroom Decorum</u>: The parties shall carefully observe the rules of courtroom decorum that are attached as Exhibit B to this order.  Those rules are in addition to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas.

11. <u>Electronic Courtroom</u>: If the parties have requested an electronic courtroom, they must contact Elec Winner (817.850.6623) no later than **ten (10) business** days before the scheduled trial date to schedule training and use of the electronic equipment.  In addition, if the parties will use any additional equipment, such as laptop computers, they must notify Elec Winner (817.850.6623) no later than **ten (10) business** days prior to trial so that the appropriate arrangements can be made with court security.  Transcription and recording devices, except those employed by the Court's official reporter, are not permitted.

**EXHIBIT "A" TO SCHEDULING ORDER**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PLAINTIFF (S)** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **V.** | § | |
| | § | |
| **DEFENDANT (S)** | § | |

**PLAINTIFF JOHN DOE'S EXHIBIT LIST**

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | OBJECTING PARTY, IF ANY | BASIS FOR OBJECTION | IDENTIFIED | OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| 1 | Bill of Sale dated 1/5/92 | Defendant | Irrelevant, hearsay | | | |
| 2 | Contract dated 1/9/92 | None | | | | |

I have reviewed the foregoing exhibit list.  My objections and the bases for those objections are correctly listed.

_____
Robert Smith        Dated: _____
Attorney for Plaintiff

_____
Nancy Jones        Dated: _____
Attorney for Defendant

10

## EXHIBIT "B" TO SCHEDULING ORDER

**COURTROOM DECORUM**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**Honorable Jeffrey L. Cureton**

The requirements stated herein are not all-inclusive, but are intended to emphasize and supplement the ethical obligations of counsel under the Code of Professional Responsibility, the Local Rules of the Northern District of Texas (L.R. 83.16-83.18, LCrR53.1-53.3), and the time-honored customs of experienced trial counsel.

When appearing in this Court, all counsel (including, where applicable, all persons at counsel table) shall abide by the following, unless excused by the presiding judge:

1.  Stand as Court is opened, recessed, or adjourned; when the jury enters or retires from the courtroom; and when addressing or being addressed by the Court.

2.  Stand at the lectern while examining any witness, except that counsel may approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

3.  Stand at the lectern while making opening statements or closing arguments.

4.  While examining a witness, look at the witness, not at the jury. Do not gesture to or make facial expressions toward the jury during your or any other party's examination.

5.  Address all remarks to the Court, not to opposing counsel.

6.  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill-feeling between the litigants or witnesses.

7.  Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

8.  Any counsel who calls a witness shall: (a) make sure the witness understands the Rule if it has been invoked; and (b) have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

9.  Only one attorney for each party may examine or cross-examine each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross-examination.

10. Request permission before approaching the bench.

11

11. Any paper or exhibit not previously marked for identification must be marked before it is tendered to a witness for examination, and any exhibit offered in evidence must be handed to opposing counsel when offered.

12. In making objections, counsel must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court.

13. When examining a witness, counsel may not repeat the answer given by the witness.

14. Offers of, or requests for, a stipulation must be made privately, not within the hearing of the jury.

15. In opening statements and in arguments to the jury, counsel may not express personal knowledge or opinion concerning any matter in issue (i.e., don't say "I think" or "I believe" etc.) and, may not read or purport to read from deposition or trial transcripts.

16. Counsel must admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time are absolutely prohibited

17. No one, including especially attorneys, parties, and witnesses, may bring food or drink (water excepted) into the courtroom, nor may they chew gum.